[Civ. No. 9618. First Appellate District, Division Two.—December 14, 1934.]

THE MUTUAL BUILDING AND LOAN ASSOCIATION OF LONG BEACH (a Corporation), Respondent, v. AUGUSTA CORUM, Appellant.

Alfred J. Hennessy, K. B. Dawson and George D. Collins, Jr., for Appellant.

Jones & Douglas, Fitzgerald, Abbott & Beardsley and Herbert C. Jones for Respondent.

STURTEVANT, J.—From a judgment in favor of plaintiff in an action in ejectment the defendant appealed and has brought up the judgment roll.

The complaint was drawn in the ordinary form. In her amended answer the defendant pleaded many denials and then set forth an affirmative defense. From that affirmative defense it appears: That heretofore the defendant was the owner in fee of the lands involved; that the plaintiff held a trust deed as security for the payment of a promissory note in the sum of $65,000 payable in monthly installments of $455 per month for one year after November 21, 1925, and then $788.50 per month together with interest at the rate of 8.4 per cent per annum on deferred payments; that on July 19, 1929, a notice of sale was given; that the notice was not signed by the payee of the note, nor by any of the trustees; that the notice recited interest for the months of April, May and June of 1929 had not been paid; that after the notice was given the installments of interest were paid to and accepted by the plaintiff and that such act on its part constituted a waiver of the notice theretofore given; that nevertheless on the fourth day of April, 1930, the sale was had pursuant to the terms of said notice and plaintiff became the purchaser; that the trust deed provided if default be made in the payment of principal or interest the beneficiary might consider said note, and all debts, moneys and dues secured thereby, as immediately due and payable and might record a notice of the breach and of its election to cause said property to be sold to satisfy said obligations; but, it is alleged, no notice of the election on the part of the beneficiary so provided for was ever given. The judgment roll discloses that the jury brought in a verdict: "We, the

jury in the above entitled cause, find in favor of the plaintiff for the restoration of the land and premises described in the complaint on file herein." That verdict was dated September 22, 1931. The judgment roll also discloses that on October 2, 1931, the trial court made findings of fact on the affirmative allegations hereinabove referred to and in the closing paragraph the findings recited: "Let judgment be entered in accordance with the foregoing and in accordance with the verdict of the jury." On the same date a judgment was signed by the trial judge and it was filed and entered.

In her first point the defendant asserts that the issues presented by the pleadings are legal and not equitable issues of fact, and that the trial court committed reversible error in taking these issues from the jury as being equitable and not legal issues of fact and determining them by findings and thereby depriving the defendant of her constitutional right to a jury trial. The answer to that contention is twofold. In the first place there is nothing contained in the judgment roll that indicates that all issues were not submitted to the jury. In support of the judgment we must presume that they were. The other answer is that the affirmative allegations either were or were not equitable issues. If they were equitable issues then the defendant was not entitled as a matter of right to a jury trial thereon. If they were not equitable issues then the defendant was entitled to a jury trial thereon and as we have stated above there is nothing in the record that shows she did not have one.

In her second point the defendant asserts that the right of the plaintiff was to maintain an action under subdivision 3 of section 1161a of the Code of Civil Procedure and that it had no right to maintain an action in ejectment. She bases the point on what is said in 1 California Jurisprudence, 381, 382: "It is a well settled principle that where a right is given and a remedy provided by statute . . . the remedy so provided must be pursued." The vice in that contention is that section 1161a of the Code of Civil Procedure did not create a new right but merely provided a new remedy. Under such circumstances the new remedy will be treated as cumulative and not as exclusive. (1 C. J., p. 990.) ·

In view of the conclusions which we have reached on the points just discussed it is unnecessary to consider other points presented by the defendant.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 11, 1935.